UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-142-GWU

MELISSA A. REED, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff filed her current application for Supplemental Security Income (SSI) in 2002, alleging disability due to a right wrist injury from 1999. (Tr. 106). After a period of reconsideration prompted by the Court's Memorandum Opinion, Order and Judgment of October 6, 2004, Reed v. Barnhart, London Civil Action No. 03-514-GWU (E.D. Ky.) (Tr. 585-600), the continuing appeal has been redocketed under the above civil action number. It is again before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

1

Reed

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Reed

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Reed

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

Reed

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then

an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants

Reed

. . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Court's 2004 remand was due to the failure of the ALJ to incorporate uncontradicted restrictions from examining and non-examining sources into the hypothetical question presented to a vocational expert (VE). (Tr. 598-600). After remand, the ALJ accepted additional evidence from the plaintiff, conducted an additional hearing, and posed a hypothetical question which did incorporate additional restrictions. Specifically, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were

7

Reed

limited to "light" level exertion, and also had the following non-exertional restrictions. She: (1) could lift, carry, push, and pull 10 pounds frequently and 20 pounds occasionally using her non-dominant left hand; (2) could not lift, carry, push, pull, pinch, finger, handle, or feel using her right dominant hand, although the right hand could be used as a helper hand; (3) could not work with her right hand overhead, and could not type, write with, flex or extend her right wrist; (4) could not tolerate vibrating hand tools using the right hand; (5) could not climb ladders, ropes, or scaffolds, but could occasionally climb stairs or ramps and crawl; (6) needed to avoid temperature extremes, humidity, or pulmonary irritants such as pollen, dust, fumes, gases, and chemicals in the workplace; (7) had to avoid industrial hazards; and (8) required entry-level work with simple, repetitive procedures and no frequent changes in work routines.  (Tr. 688).  The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies.  (Tr. 688-9).

Although the modified hypothetical question includes the limitations as contemplated by the remand, the plaintiff cites other issues in requesting a remand in her motion for summary judgment.

First, the plaintiff argues that the ALJ inappropriately based his opinion on non-examining state agency reviewers and ignored the opinion of Dr. George Griffith, who the plaintiff identifies as a treating source.  The plaintiff asserts that Dr.

Griffith stated that she had practically no use of her right hand.  <u>Memorandum in Support of Plaintiff's Motion for Summary Judgment</u>, Docket Entry No. 12, p. 9.  In fact, it is not clear that Dr. Griffith saw the plaintiff on more than two occasions, making it unclear whether the physician would be entitled to the status of a physician providing long-term care.  Further, his note says that "according to her [she has] practically no use of her right hand." (Tr. 556-7).  He made no specific finding on his own. In any case, the hypothetical question did incorporate near-total prohibition on using the right hand and arm, and was consistent with the opinion of Dr. Kenneth Smith, an examining source.  (Tr. 530).  Therefore, this argument is without merit.

The plaintiff also argues that the ALJ improperly ignored the opinion of Dr. Kenneth Starkey, a psychologist.  However, Dr. Starkey, in addition to diagnosing substance abuse, which cannot be a basis for disability under Public Law 104-121, indicated that the plaintiff would not have any significant mental restrictions.  (Tr. 142).  The plaintiff further argues that her substance abuse problems are in remission, but she received a citation for driving under the influence as recently as October 10, 2003 (Tr. 656), was attending "DUI classes" at a Comprehensive Care Center in 2004 and 2005, and in any case did not demonstrate the presence of any functional restrictions due to psychological problems apart from substance abuse (Tr. 645-56).

Reed

Finally, the plaintiff asserts that the VE's testimony was uncertain as to the number of jobs available for a person who could not use both of her hands. However, the VE specifically testified that the jobs she identified, usher, surveillance monitor, parking lot attendant, and ticket taker, could be "done with little to no use of the hands, certainly infrequent use of the hands" (Tr. 688) and "little if any use of the hands to manipulate anything" (Tr. 689) . Although the VE further testified, in answer to questions from the plaintiff's counsel, that the number of parking lot attendant and ticket taker jobs would be reduced if an individual was unable to use her hands bilaterally, from the context of the testimony it appears that the VE had already taken the reductions into account in giving her original answer. (Tr. 688-94).

The decision will be affirmed.

This the 9th day of February, 2007.



Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**